### HUNTER vs. THE STATE OF GEORGIA.

There is no statute of this State which requires a person who sells liquor by the gallon, or more than a gallon, to take out a license therefor, but he is only required to register his business in the ordinary's office on or before the first day of January of each year. One who sold only by the gallon could not be convicted for selling without first obtaining a license.

February 13, 1888.

Criminal Law. Liquor. License. Before Judge WILLIS. Talbot Superior Court. March Term, 1887.

Reported in the decision.

J. J. BULL; WILLIS & PERSONS, for plaintiff in error.

J. H. WORRILL, solicitor-general, for the State.

SIMMONS, Justice.

Hunter was indicted by the grand jury of Talbot county for the offence of a misdemeanor. There were two counts in the indictment. The first count charged the defendant with selling liquor in quantities of one gallon, without first obtaining license from the proper authorities of said county, and without having taken the oath prescribed by law. The second count charged him with selling liquors by retail, without obtaining license and without taking the oath prescribed by law.

On the trial of the case, the State proved that the de-

fendant did sell corn whiskey by the gallon to various persons; but there was no proof that he ever sold it in quantities less than a gallon. It was also in proof that the defendant had taken out no license to sell. Under the charge of the court, the jury returned a verdict of guilty. The defendant moved for a new trial upon the several grounds contained in the motion; the motion was overruled by the court, and the defendant excepted.

The main ground relied on here for reversal of the court below is contained in the 1st ground of the amended motion, which is as follows: "Because the court erred in charging the jury as follows, to-wit: 'In this State there are two kinds of license required of persons dealing in liquor: one is a retail license to sell in quantities less than a quart; the other is commonly known as a wholesale license, or license to sell in quantities less than a gallon. These are the only two kinds of license that are known to the laws of our State, and a man, to be justified in selling liquor, must first obtain one or the other of these two kinds of license. And if he sells liquor, it does not make any difference in what quantities, whether one pint or an hundred gallons, if he sells it without first obtaining the license from the authority which has the power to issue the license, he is guilty of a violation of the penal laws of this State. . . . . If this defendant did not have one or the other of the licenses mentioned, and did sell, then it does not make any difference who advised him to sell, he is guilty.'"

We think the court erred in giving this instruction to the jury. The proof in this case was, that the defendant never sold any liquor in quantities less than a gallon. We have looked carefully into the laws of this State, and we cannot find any statute requiring a person who sells liquor by the gallon, or more than a gallon, to take out license therefor. The law requires every liquor dealer to register his business in the ordinary's office on or before the first of January each year. This defendant had complied with that law, but had not taken out any license to sell liquor

by the gallon. If there was no law requiring him to take out said license, then the charge of the court was wrong, and the defendant was illegally convicted.

Judgment reversed.